**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| BRIAN DALE AND WHITNEY DALE, INDIVIDUALLY, AND GUARDIAN AD LITEM FOR MINOR CHILD JOHN DOE, KEVIN HOLDSON AND HEATHER HOLDSON, INDIVIDUALLY, AND GUARDIAN AD LITEM FOR MINOR CHILDREN JOHN DOE 1 AND JOHN DOE 2, | ) ) ) ) ) ) ) ) ) | Civil Action No.: <br><br> __COMPLAINT__ <br><br> **JURY TRIAL DEMANDED** |
| Plaintiffs, | ) ) | |
| OCEAN LAKES FAMILY, CAMPGROUND, L.P., OCEAN LAKES SERVICE CORPORATION D/B/A OCEAN LAKES PROPERTIES, RKKA, LLC, ALAN MEYERS, AND RON STATLER II, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

Plaintiffs hereby makes the following Complaint against Defendants:

**PARTIES**

1.    Plaintiffs BRIAN DALE and WHITNEY DALE, individually and as Guardian ad Litem for minor child JOHN DOE, are citizens and residents of the City of Thomasville, Davidson County, State of North Carolina.

2.    Plaintiffs KEVIN HOLDSON and HEATHER HOLDSON, individually and as Guardian ad Litem for minor children JOHN DOE 1 and JOHN DOE 2, are citizens and residents of the City of Thomasville, Davidson County, State of North Carolina.

3.    The Plaintiffs are informed and believe that the Defendant OCEAN LAKES FAMILY CAMPGROUND, L.P. is a South Carolina Limited Partnership and Defendant OCEAN LAKES SERVICE CORPORATION D/B/A OCEAN LAKES PROPERTIES is a South Carolina

Corporation (collectively "Ocean Lakes"), both of which, at all relevant times to this action, were engaged in the business of renting, maintaining, and repairing residential homes and campsites in Horry County, State of South Carolina, including that of the co-defendants.

4.     Plaintiffs are informed and believe that Defendant RKKA, LLC, is a Pennsylvania Limited Liability Company, which at all relevant times to this action, was acting as the owner of the subject matter property located in Horry County, State of South Carolina.

5.     Plaintiffs are informed and believe that Defendant ALAN MEYERS is one of the owners of the subject matter property and a citizen and resident of the City of Greencastle, in Franklin County, State of Pennsylvania.

6.     Plaintiffs are informed and believe that Defendant RON STATLER, II is one of the owners of the subject matter property and a citizen and resident of the City of Greencastle, in Franklin County, State of Pennsylvania.

## JURISDICTION

7.     The parties, subject matter, and all things and matters herein alleged are within the jurisdiction of this Court.

8.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), because the matter in controversy exceeds the statutory minimum value of $75,000, and no Defendant is a citizen of the same state of any Plaintiff, establishing complete diversity for the purpose of jurisdiction.

9.     All Plaintiffs are citizens of, and domiciled in, the State of North Carolina. Defendants are citizens of the State of Pennsylvania and South Carolina for jurisdiction purposes.

10.    Defendant Alan Meyers is a citizen of, and domiciled in, the State of Pennsylvania.

11.    Defendant Ron Statler, II is a citizen of, and domiciled in, the State of Pennsylvania.

12.    Pursuant to 28 U.S.C. § 1332(c)(1) Defendant RKKA, LLC is a citizen of the State of Pennsylvania, because it was incorporated, has its principal place of business, and is headquartered in Pennsylvania.

13.    Pursuant to 28 U.S.C. § 1332(c)(1), Defendant Ocean Lakes Family Campground, L.P., is a citizen of the State of South Carolina, because it was incorporated, has its principal place of business, and is headquartered in South Carolina.

14.    Pursuant to 28 U.S.C. § 1332(c)(1), Defendant Ocean Lakes Service Corporation d/b/a Ocean Lakes Properties, is a citizen of the State of South Carolina, because it was incorporated, has its principal place of business, and is headquartered in South Carolina.

15.    Venue is proper, as the subject matter of this action is the location of the property in Horry County, State of South Carolina, where the underlying incident occurred giving rise to the present lawsuit.

## FACTS

16.    Plaintiffs (composed of two families) rented the property located at 6001 South Kings Highway, Unit B3, Myrtle Beach, South Carolina ("Property"), from June 18, 2022 to July 25, 2022, for the purpose of vacationing. The property was owned by RKKA, LLC, of which Alan Meyers, and Ron Statler II, are its members, and managed and maintained by Defendants Ocean Lakes. The Plaintiffs rented the property directly from Defendants Ocean Lakes.

17.    On June 24, 2022, Brian Dale removed a bat that was found under a pillow in a bedroom in the rental Property.

18.    On the night of June 24, 2022, one of Kevin and Heather Holdson's minor children was exposed to another bat that was flying around in a bedroom while he watched television.

19.     On June 25, 2022, while checking out, Plaintiffs notified Defendants Ocean Lakes of both incidents involving bats in the Property.

20.     On June 27, 2022, Russell Cavender, also known as the "snake chaser," who owns and operates a professional wildlife removal service, was called to investigate the matter. Russell Cavender found a colony of bats inside of the rental Property where Plaintiffs stayed for a week.

21.     According to South Carolina Department of Health and Environmental Control (SCDHEC), bats are the primary carrier of rabies and are "regarded as rabid unless animal proven negative by laboratory tests" and orients individuals exposed to bats to "consider immediate prophylaxis."[1]

22.     The United States Center for Disease Control and Prevention (CDC) states that if there is any question about contact between a bat and people, the bat must be saved for testing.[2]

23.     On July 12, 2022, Plaintiffs Kevin and Heather Holdson, along with their minor children John Doe 1 and John Doe 2, went to the emergency room and sought rabies treatment. As part of their treatment, they received four rounds of rabies prevention and exposure immunization shots, and experienced pain and extreme duress and stress throughout their treatment.

24.     On July 13, 2022, Plaintiffs Brian and Whitney Dale, along with their minor child John Doe, went to the emergency room and sought rabies treatment. As part of their treatment, they received four rounds of rabies prevention and exposure immunization shots, and experienced pain and extreme duress and stress throughout their treatment.

25.     Plaintiffs' medical bills for rabies treatment totaled approximately $180,000.00.

---

[1] https://scdhec.gov/health-professionals/clinical-guidance-resources/rabies-treatment/rabies-guide-managing-exposures

[2]  https://www.cdc.gov/rabies/exposure/animals/bats.html

## FIRST CAUSE OF ACTION
### (Negligence)

26.    Plaintiffs reaffirm and reiterate all allegations above as fully repeated and incorporated herein.

27.    Defendants had a duty to the Plaintiffs to maintain the vacation Property in a safe and reasonable manner for rental occupants.

28.    Defendants breached the duty of care to the Plaintiffs when they failed to safely and adequately maintain the premises.

29.    Upon information and belief, Defendants had prior knowledge that there was a bat infestation in the subject matter property and allowed it to be rented.

30.    As a direct and proximate result of the Defendants' negligence in failing to safely and adequately maintain the Property, Plaintiffs suffered physical harm and mental anguish.

31.    Plaintiffs did not cause or contribute to the situation in any manner, and they had no ability to avoid or prevent the bats from entering the home. Furthermore, Plaintiffs were not warned and had no ability to know that the Property was infested with bats and that any bat found inside needed to be saved for testing for rabies.

32.    Plaintiffs have sustained damages as a result of Defendants' negligence. Plaintiffs have incurred tremendous expenses for rabies treatment.

33.    By reason of the Defendants' negligent acts as set forth above, Plaintiffs are entitled to an award of actual, consequential, and punitive damages in an appropriate amount and for costs of this action.

WHEREFORE, Plaintiffs pray for judgment against the Defendants, jointly and severally, for actual, special, consequential, and punitive damages in an appropriate amount, for the costs of this action, and for such other and further relief as this Court might deem just and proper.

## PLAINTIFFS DEMAND A TRIAL BY JURY

Respectfully submitted,

KNOWLES LAW FIRM, PC
/s Brian M. Knowles
Brian M. Knowles, Esquire
S.C. Bar No.: 73108
Fed. ID: 9694
St. Andrews Law Center
768 St. Andrews Blvd.
Charleston, SC 29407
T:  843-810-7596
F:  877-408-1078
brian@knowlesinternational.com
www.knowlesinternational.com

LAW OFFICE OF ROBERT M. TURKEWITZ, LLC
Robert M. Turkewitz
S.C. Bar No.:  011589
Fed. ID: 4902
St. Andrews Law Center
768 St. Andrews Boulevard
Charleston, South Carolina 29407
Ph. 843-628-7868
(C)  843-696-4549
Fax  843-277-1438
rob@rmtlegal.com
www.rmtlegal.com

October 12, 2023
Charleston, South Carolina

Attorneys for Plaintiff